**Glenn Paul OSUCH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–95–01259–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 4, 1998.

J. Gary Trichter, W. Troy McKinney, Houston, for Appellant.

John B. Holmes, Kelly Ann Smith, Houston, for Appellee.

Before COHEN, TAFT and NUCHIA, JJ.

## OPINION

TAFT, Justice.

A jury found appellant, Glenn Paul Osuch, guilty of driving while intoxicated. The trial court assessed punishment at 180 days in jail, probated for one year, and a fine of $500.

After determining which version of the appellate rules apply, we address whether a destroyed videotape taken at the scene of appellant's arrest is necessary to appellate review. We reverse.

### Facts

A Houston police officer saw appellant run two stop signs. Appellant pulled into his driveway and got out of his car. The officer approached appellant, smelled alcohol, and observed other evidence of appellant's intoxication. A second officer arrived and videotaped appellant performing field sobriety tests. Appellant was taken to the police station where he was again videotaped. Both videotapes were combined and introduced into evidence at trial as State's exhibit one.

### Destroyed Trial Exhibit

In his first supplemental point of error, appellant contends he is entitled to a new trial because the videotape taken at the scene, which was an original exhibit at appellant's trial and his pretrial motion to suppress, has been destroyed through no fault of appellant.

### A. Facts Concerning the Destroyed Exhibit

Appellant designated all trial exhibits, specifically including the videotape, for inclusion in the appellate record in a timely request to the district clerk. See Tex.R.App. P. 51(b) (amended effective Sept. 1, 1997) (see now TEX.R.APP. P. 34.5(b)). Two weeks before appellant's brief was filed in this Court, appellant requested that the record be supplemented with the videotape. See Tex.R.App. P. 55(b) (amended effective Sept. 1, 1997) (see now TEX.R.APP. P. 34.6(g)(2)). We granted the motion and ordered the district clerk to supplement the transcript with State's exhibit one, the videotape. The district clerk's office initially replied that it was unable to comply with our order because the exhibit had never been filed with the exhibit clerk. After further inquiries, this Court received a letter from the district clerk's

office advising that the videotape had been destroyed in error.

We abated the appeal and remanded the case to the trial court for a hearing and findings concerning whether State's exhibit one had been destroyed, and if so, whether any duplicate copies or transcriptions of it existed, whether the tape's destruction was appellant's fault, and whether the parties could agree on a complete record. The trial court conducted the hearing and determined the videotape in this case was erroneously included on a list from the District Attorney's Office of tapes ordered destroyed by the trial court.

The trial court found that the videotape had been destroyed, that there were no duplicate copies or transcriptions of it, that the destruction was not appellant's fault, and that the parties could not agree on a complete record.

## B. Which Rules of Appellate Procedure Apply?

We first address whether the former or amended rules of appellate procedure apply to a resolution of whether appellant is entitled to a new trial because of the destroyed exhibit. Former Rule 50(e) provided in part:

If the appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial unless the parties agree on a statement of facts.

Tex.R.App. P. 50(e) (Vernon 1997). Under that rule, exhibits were held to be part of the appellate record and their loss or destruction mandated reversal. *Melendez v. State,* 936 S.W.2d 287, 296 (Tex.Crim.App.1996).

Amended rule 34.6(f) reads in pertinent part:

An appellant is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit ... has been lost or destroyed ...;

(3) if ... the lost or destroyed exhibit is necessary to the appeal's resolution; and

(4) if the parties cannot agree on a complete reporter's record.

Tex.R.App. P. 34.6(f) (effective Sept. 1, 1997).

Both the former and amended rules require a timely request for a statement of facts, or reporter's record. Both require the missing portion of the record (the new rule specifies that it may be an exhibit) to have been lost or destroyed without appellant's fault. Both require an inability of the parties to agree on a statement of facts, or reporter's record. The amended rule includes a requirement that the missing portion of the record or exhibit be necessary to the appeal's resolution. The Court of Criminal Appeals recently added a like requirement for an analysis under the former rules. *See Gomez v. State,* 962 S.W.2d 572, 576 (Tex.Crim.App. 1998). The court held that "a reversal may be required only if the lost or destroyed exhibits cannot be reproduced and are not located elsewhere in the record but are *necessary for the appellate court's review of the case on appeal.*" *Id.*(emphasis in original). Since the issuance of *Gomez,* there is no practical difference in an analysis under the former or amended rules concerning the loss or destruction of exhibits.

## C. Analysis

Appellant met the procedural requirements. The only issue is whether the destroyed exhibit is necessary to our resolution, or review, of the appeal. In point of error six of his original brief, appellant argued that the trial court erred in overruling his objection to the audio portion of the scene videotape because it did not include the warnings required by article 38.22, § 3(a)(2) of the Code of Criminal Procedure. The trial court overruled appellant's objection, and the jury heard the audio portion of the scene videotape. This issue was preserved for appellate review.

The State argues that the statutory warnings were not required because there was no custodial interrogation on that part of the tape, citing article 38.22, section 5, of the Code of Criminal Procedure. The State con-

tends that the questioning was of the type normally attendant to arrest and custody and therefore did not fall within the realm of interrogation. Appellant contends that there was custodial interrogation on the scene videotape. The State's version of the words spoken on the tape differs from appellant's version. Thus, there is a dispute between the parties concerning the content of the tape, and a review of the tape itself would be crucial to our resolution of the point of error.

In its supplemental brief, the State points out that both parties quoted parts of the tape in the briefs, and argues that these together provide an accurate transcription of the videotape's audio track. However, neither the State nor appellant purport to accurately transcribe the entirety of the scene videotape in its brief, and the critical portions they do quote are conflicting. There. simply is no "complete record" upon which the parties agree, as the trial court found.

### Conclusion

Because appellant timely requested the inclusion of State's exhibit one in the appellate record, because it was destroyed without appellant's fault, because it cannot be reproduced and there are no copies of it elsewhere in the record, and because it is necessary for our resolution of this appeal, we sustain appellant's supplemental point of error one. We do not reach appellant's remaining points of error.[1]

We reverse the trial court's judgment and remand the cause.

---

1. Appellant does not challenge the legal sufficiency of the evidence to support his conviction, which would require acquittal.