**Reversed and Remanded and Memorandum Opinion filed April 7, 2015.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-13-00961-CR

**ERIC GUY MARKLE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 8
Harris County, Texas
Trial Court Cause No. 1859025**

## M E M O R A N D U M   O P I N I O N

Appellant entered a guilty plea to driving while intoxicated as a second offender. On September 20, 2013, pursuant to the terms of a plea bargain agreement with the State, the trial court sentenced appellant to confinement for one year in the Harris County Jail and assessed a fine of $4,000. The trial court probated the sentence and placed appellant on community supervision for two years. The trial court certified that appellant has the right to appeal matters raised in a pre-trial motion, which the trial court denied before entry of the plea. Appellant filed a timely motion for new trial and notice of appeal.

The reporter's record in this case was due on or before November 19, 2013. Sondra Humphrey, the substitute court reporter responsible for the record in this case, has not filed the reporter's record.

On May 22, 2014, we abated the appeal and directed the trial court to conduct a hearing to determine the reason for the failure to file the record. The Hon. Sherman A. Ross, the former Presiding Judge of the Harris County Criminal Courts at Law, was assigned to hear the proceedings regarding the past due reporter's records taken by Sondra Humphrey in this case and eight other cases pending in both this court and the Court of Appeals for the First District of Texas. *See* Tex. Gov't Code Ann. § 74.056 (West 2013). Judge Ross issued many orders and conducted numerous hearings to assist the appellate courts in obtaining the reporter's records in these cases. After it became apparent that Ms. Humphrey was unable to provide a complete record in this case, Judge Ross ordered Ms. Humphrey to provide the court with her computerized stenographic notes and an audio recording of the trial so that another court reporter could attempt to complete the record. Ms. Humphrey never provided her notes or audio recording in this case.

Records from several hearings conducted by Judge Ross were filed in this court. In addition, counsel for the State submitted proposed Findings of Fact and Conclusions of Law concerning the status of the records for this case and nine other cases reported by Ms. Humphrey. Based upon these records and the State's proposed findings and conclusions, it appeared that the reporter's record in this appeal may have been "lost or destroyed" for purposes of appeal.

On November 20, 2014, this court issued an order directing Judge Ross to make and file findings of fact and conclusions of law concerning whether appellant is entitled to a new trial, as required under Texas Rule of Appellate Procedure 34.6(f). Rule 34.6(f) of the Texas Rules of Appellate Procedure, entitled "*Reporter's Record Lost of Destroyed*," provides that an appellant is entitled to a

2

new trial when the reporter's record or exhibits are lost, under the following circumstances:

> (1) if the appellant timely requested a reporter's record;
>
> (2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;
>
> (3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and
>
> (4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

Tex. R. App. P. 34.6(f).

The Texas Court of Criminal Appeals has determined that an incomplete record does not result in an automatic reversal under the 1997 amended appellate rules. *See Issac v. State*, 989 S.W.2d 754, 756 (Tex. Crim. App. 1999). Instead, a harm analysis is required when considering a missing or incomplete reporter's record. *Id.* at 757. The provision in Rule 34.6 requiring an appellant to show that the missing portion of the record is necessary to her appeal is essentially a requirement that the appellate court perform a harm analysis. *Nava v. State*, 415 S.W.3d 289, 306 (Tex. Crim. App. 2013) (citing *Routier v. State*, 112 S.W.3d 554, 571 (Tex. Crim. App. 2003)). If the missing portion of the record is not necessary to the appeal's resolution, then the loss of that portion of the record is harmless and a new trial is not required. *Routier*, 112 S.W.3d at 571–72; *Issac*, 989 S.W.2d at 757.

On February 27, 2015, Judge Ross filed findings of fact and conclusions of

3

law, which were made part of a supplemental clerk's record filed March 11, 2015. Accordingly, the appeal is ordered reinstated. Included in the trial court's findings of fact were the following:

The Court finds that on July 7, 2014, it was determined that the audio in [this case] was missing the testimony of multiple witnesses.

The Court finds that on July 14, 2014, it was determined that the audio in [this case] that was turned over was incomplete in violation of the order of the Court.

The Court finds that on July 14, 2014, Ms. Humphrey stated that she would be able to complete and file the reporter's records in [this case and three others] in the next three weeks.

Trial counsel properly filed notice of appeal, and appellate counsel properly filed a specific designation of reporter's record, requesting a record in this case.

Ms. Humphrey's medical condition, personal, and professional problems during the latter part of 2013, and early 2014, indicate she may not have been in a condition to transcribe the proceedings, or otherwise conduct herself in a professional manner.

Ms. Humphrey never filed the completed reporter's record as she stated she would do at the July 24, 2014, hearing.

The appellant bears no fault for Ms. Humphrey's failure to complete and file the reporter's record.

The reporter's record is necessary to the appeal's resolution.

The reporter's record cannot be replaced, nor can the parties agree to the facts contained in the record.

On August 15, 2014, at the conclusion of the contempt hearing, the undersigned ordered Ms. Humphrey to then and there provide the court or court manager's office with a copy of all audio and stenographic files in [this case and eight others] then pending before the court.

Ms. Humphrey failed to do so at that time or at any time between August 15, 2014, and February 26, 2015.

The exhibits and/or copies of the exhibits were filed with the Court of Appeals.

Judge Ross also made the following conclusions of law:

> Sondra Humphrey violated her oath to keep a correct, impartial record of (1) the evidence offered in the case; (2) the objections and exceptions made by the parties to the case; and (3) the rulings and remarks made by the court in determining the admissibility of testimony presented in the case. Tex. Gov't Code Ann. § 52.045(b) (West Supp. 2014).
>
> The appellant is entitled to a new trial. Tex. R. App. P. 34.6(f).

We agree with the trial court's conclusion that appellant is entitled to a new trial. Judge Ross determined that Ms. Humphrey's audio recording was incomplete. In addition, Ms. Humphrey failed to comply with the court's order to turn over the audio recording. Therefore, another court reporter did not have an opportunity to attempt transcribe the recording and create a reporter's record. *See Routier*, 112 S.W.3d at 567 (approving the trial court's use of another court reporter to correct and edit an inaccurate reporter's record). The record supports Judge Ross's implied finding that the reporter's record in this case is irretrievably lost. *See Johnson v. State*, 151 S.W.3d 193, 196 (Tex. Crim. App. 2004) (stating a court reporter's notes and records can be considered "lost" only if the missing portions of the appellate record are irretrievable); *see Mendoza v. State*, 439 S.W.3d 564, 565 (Tex. App.—Amarillo 2014, no pet.) (finding appellant was entitled to a new trial where the court reporter was unable to transcribe certain portions of the record due to incomplete notes and inaudible cassettes from the original reporter who had since passed away). Judge Ross conducted numerous hearings and issued many orders, including orders that Ms. Humphrey remain at the courthouse to work on the record in this case and eight other cases, in an effort to obtain complete reporter's records.

We also agree with Judge Ross's finding that the missing reporter's record is necessary to appellant's appeal. A new trial is required when the missing record is

necessary to the appeal's resolution. *Osuch v. State*, 976 S.W.2d 810, 812 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (concluding a destroyed videotape of the driver performing field sobriety tests was "necessary to the appeal's resolution" and the defendant was entitled to a new trial because he challenged whether a custodial interrogation occurred during his performance of the tests).

We have no reporter's record from any proceedings in the trial court. Before he entered a plea, appellant filed motion to dismiss based on the destruction of evidence. Specifically, appellant alleged there was no video of the scene as required by procedures of the local police department and articles 2.131–.1385 of the Texas Code of Criminal Procedure. *See* Tex. Code. Crim. Proc. art. 2.135 (West Supp. 2014) (partially exempting peace officers from reporting racial profiling data when an audio and video recording of all motor vehicle stops is made and retained for at least 90 days). In his motion for new trial, appellant argued that the missing videotape would have shown that he did not run a stop sign as alleged by the arresting officers. According to the motion, the trial court signed an order requiring that the scene video be preserved and a copy provided to appellant's counsel. Also according to the motion, the trial court heard testimony from the police department's custodian of records regarding the missing videotape at the hearing on appellant's pre-trial motion. In addition, appellant stated that he made an oral motion to suppress the arrest at the hearing. Thus, the reporter's record is necessary to review these issues. *See, e.g., Rachal v. State,* 917 S.W.2d 799, 809 (Tex. Crim. App.1996) (stating that reviewing court considers only the evidence adduced at the suppression hearing in reviewing the denial of a motion to suppress); *Cardenas v. State,* 857 S.W.2d 707, 710 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd) (holding that a record containing an oral motion to suppress preserved error).

Appellant's ability to present meaningful issues on appeal is severely limited

6

in the absence of a reporter's record. Appellant cannot challenge the denial of his oral motion to suppress the arrest. In addition, appellant's challenge to the missing videotape evidence is prejudiced by the absence of the testimony from the pre-trial hearing. We therefore conclude that the reporter's record is necessary to the appeal's resolution and appellant has been harmed by the absence of a reporter's record. *See Kirtley v. State*, 56 S.W.3d 48, 52 (Tex. Crim. App. 2001) (holding the record from the punishment hearing in a proceeding to adjudicate of guilt is "necessary to the appeal's resolution"); *Osuch*, 976 S.W.2d at 812 (holding a destroyed videotape of field sobriety test was "necessary to the appeal's resolution" in a DWI case where appellant alleged a custodial interrogation occurred during the test). The trial court's judgment is reversed, and this cause is remanded for a new trial.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and McCally.

Do Not Publish—Tex. R. App. P. 47.2(b).