# NO. 12-17-00334-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE 273RD* |
| *A.D., A.H. AND A.T.,* | § | *JUDICIAL DISTRICT COURT* |
| *CHILDREN* | § | *SABINE COUNTY, TEXAS* |

## PER CURIAM OPINION AND ORDER

C.T.T. appeals the termination of his parental rights. The preliminary question presented by this appeal is whether C.T.T. is entitled to a new trial because a portion of the reporter's record was destroyed during Hurricane Harvey. We have determined that C.T.T. is not entitled to a new trial, and order briefing on the merits of the case.

## BACKGROUND

A.M. [1] is the mother of A.D., A.H., and A.T. S.D.D.[2] is the father of A.D. and C.T.T. is the father of A.H. and A.T. On March 16, 2016, the Department of Family and Protective Services (the Department) filed an original petition for protection of A.D., A.H., and A.T., for conservatorship, and for termination of A.M.'s, S.D.D.'s, and C.T.T.'s parental rights. The Department was appointed temporary managing conservator of the children, A.M. was appointed

---

[1] The trial court found, by clear and convincing evidence, that A.M. executed an unrevoked or irrevocable affidavit of relinquishment of parental rights to A.D., A.H., and A.T. as provided by Chapter 161, Texas Family Code. The trial court also found that termination of the parent-child relationship between A.M. and the children was in the children's best interest. Therefore, the trial court ordered that the parent-child relationship between A.M., A.D., A.H., and A.T. be terminated. The mother is not a party to this appeal.

[2] The trial court found that appointment of a parent as managing conservator would not be in the best interest of A.D., and appointed a non-parent as permanent managing conservator of the child. The father, S.D.D., was appointed possessory conservator of A.D. with possession and access as agreed between the non-parent managing conservator and the father.

temporary possessory conservator of the children with limited rights and duties, and S.D.D. was appointed temporary possessory conservator of A.D. with limited rights and duties.

At the conclusion of the trial on the merits, the trial court found that C.T.T. is, and hereby adjudicated him to be, the father of A.H. and A.T. Further, the trial court found, by clear and convincing evidence, that C.T.T. had engaged in one or more of the acts or omissions necessary to support termination of his parental rights under subsections (D), (E), (N) and (O) of Texas Family Code Section 161.001(b)(1). The trial court also found that termination of the parent-child relationship between C.T.T, A.H., and A.T. was in the children's best interest. Based on these findings, the trial court ordered that the parent-child relationship between C.T.T., A.H., and A.T. be terminated.

C.T. appealed the termination of his parental rights to his children A.H. and A.T. The reporter's record was originally due on October 19, 2017. The court reporter, Ms. Mickey Gisclar, filed a one volume record on December 1, which consisted of the September 13, 2017 hearing on the motion for involuntary termination of C.T.T.'s parental rights. On December 5, C.T.T.'s counsel requested a supplemental record of the following proceedings: (1) adversary hearing held on April 13, 2016; (2) status hearing held on May 11, 2016; (3) initial permanency hearing held on August 10, 2016; (4) permanency hearing before final order held on November 9, 2016; (5) permanency hearing before final order held on May 10, 2017; and (6) permanency hearing before final order held on July 12, 2017. C.T.T.'s counsel subsequently filed a motion with this Court, in which he requested the preparation of a complete reporter's record. On December 13, we granted the motion and ordered that the supplemental record be filed.

On January 23, 2018, this Court received correspondence from Ms. Gisclar, in which she explained that her home flooded during Hurricane Harvey and that her office and records were kept in her home. She stated that she was unable to locate her records of the hearings in this case before May 2017. Further, she said, "I have made a diligent search, but most of the things that were in my home office were lost." Accordingly, we ordered C.T.T. to file a brief addressing whether (1) the record could be replaced by the parties' agreement or by the trial court, and (2) C.T.T. is entitled to a new trial under Texas Rule of Appellate Procedure 34.6(f). We also ordered the Department to file a reply brief. We have received both briefs and must determine whether a new trial is required by Rule 34.6(f) of the Texas Rules of Appellate Procedure.

In two issues, C.T.T. argues that the reporter's record for all preliminary or permanency hearings lost in Hurricane Harvey cannot be replaced by the parties' agreement or by the trial court, and that he is entitled to a new trial. However, the Department contends that the preliminary hearings are not necessary to the appeal's resolution, that C.T.T. waived any complaint on appeal regarding testimony during the preliminary hearings, and that any complaints regarding temporary hearings or orders are rendered moot by a final termination judgment.

## Applicable Law

An appellant is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

TEX. R. APP. P. 34.6(f).

A new trial is required when the missing record is necessary to the appeal's resolution. *Osuch v. State*, 976 S.W.2d 810, 811-12 (Tex. App.–Houston [1st Dist.] 1998, no pet.) (concluding a destroyed videotape of the driver performing field sobriety tests was "necessary to the appeal's resolution" and the defendant was entitled to a new trial because he challenged whether a custodial interrogation occurred during his performance of the tests). The provision in Rule 34.6 requiring an appellant to show that the missing portion of the record is necessary to his appeal is essentially a requirement that the appellate court perform a harm analysis. *Nava v. State*, 415 S.W.3d 289, 306 (Tex. Crim. App. 2013) (citing *Routier v. State*, 112 S.W.3d 554, 571 (Tex. Crim. App. 2003)). If the missing portion of the record is not necessary to the appeal's resolution, then the loss of that portion of the record is harmless and a new trial is not required.

***Routier***, 112 S.W.3d at 571-72; ***Issac v. State***, 989 S.W.2d 754, 757 (Tex. Crim. App. 1999). A suggestion by an appellant that the destroyed portion of the reporter's record "potentially could have assisted" him on appeal, without more, does not make the missing portions of the record necessary to the appeal's resolution. *See **Routier***, 112. S.W.3d at 571. Finally, we resolve any reasonable doubt in the appellant's favor. ***Id.*** at 570-71.

**Analysis**

C.T.T. and the Department agree that the lost or destroyed reporter's records of preliminary hearings cannot be replaced by agreement of the parties. Neither parties' appellate counsels were the parties' trial counsels. According to C.T.T.'s appellate counsel, the parties' respective appellate counsels have no knowledge of what transpired in the preliminary hearings. Further, C.T.T.'s appellate counsel stated in his brief that he has been unable to contact trial counsel by telephone or email for assistance. Thus, we agree that the lost, destroyed or inaudible portions of the reporter's record cannot be replaced by agreement of the parties. Therefore, the only issue is whether C.T.T. is entitled to a new trial under Rule 34.6(f) of the Texas Rules of Appellate Procedure.

C.T.T. has the burden to demonstrate that the missing portions of the reporter's record are necessary to the resolution of his appeal. In his brief, C.T.T. stated that he filed an answer, pro se, to the suit and in that filing, said that he "wish[ed] to be present at any and all" court hearings. According to the court's docket sheet, the trial court appointed counsel for C.T.T. on May 11, 2016. The initial permanency order dated August 10, 2016, stated that C.T.T. "although duly and properly notified, did not appear and wholly made default." The clerk's record also shows that C.T.T. requested appointed counsel on August 22, 2016. According to C.T.T., his appointed counsel was present at all future hearings. C.T.T. argues that even though "it is difficult to determine what testimony in the prior hearings would assist" him in his appeal, it "seems" that he was not afforded representation during the August 10, 2016 permanency hearing even though counsel was appointed to him during a May 11, 2016 hearing. Further, he states, he was not bench warranted to be present at the August 10, 2016 hearing even though he had requested to be present at all hearings.

Regarding C.T.T.'s representation during the missing August 10, 2016 hearing, Section 107.013 (a)(1) of the Texas Family Code mandates the appointment of an attorney ad litem to "an indigent parent ... who responds in opposition to the termination" if the Department seeks

4

termination of the parent-child relationship. *See* TEX. FAM. CODE ANN. § 107.013(a)(1) (West Supp. 2017). However, Section 107.013 contains no specific timetable for appointing an attorney ad litem to represent the parent's interests. *See In re M.J.M.L.*, 31 S.W.3d 347, 354 (Tex. App.—San Antonio 2000, pet. denied). Here, C.T.T. does not suggest that he was not appointed counsel, but questions where his counsel was for one hearing. Nor does he show how the non-appearance of his counsel at the August 10, 2016 "missing" hearing is necessary to the appeal's resolution, i.e., the termination of his parental rights.

Regarding the trial court's failure to bench warrant C.T.T. for the missing August 10, 2016 hearing, an inmate does not have an absolute right to appear in person in every court proceeding. *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003). Instead, courts must weigh the inmate's right of access to the courts against the protection of the correctional system's integrity. *Id.* The inmate bears the burden to establish his right to a bench warrant; it is not the trial court's responsibility to independently inquire into relevant facts not provided by the inmate. *Id.* at 166. Here, C.T.T. was in prison before the suit was instituted and during trial. His request to be "present" at all hearings did not explain why it was necessary for him to appear at the hearings in person and thus, he did not establish his right to a bench warrant. Further, C.T.T. does not show how the failure to bench warrant him for the August 10, 2016 permanency hearing is necessary to the appeal's resolution, i.e., the termination of his parental rights.

Thus, C.T.T. merely speculates that error might have been recorded in or be the result of, the lost August 10, 2016 hearing and, therefore, he has not established that the missing record is necessary to the appeal's resolution. *See* TEX. R. APP. P. 34.6(f); *Routier*, 112 S.W.3d at 571. Moreover, "a temporary order is superseded by the entry of a final order of termination, rendering moot any complaint about the temporary order." *In re A.K.*, 487 S.W.3d 679, 683 (Tex. App.—San Antonio 2016, no pet.) (complaints regarding aggravated circumstances findings in temporary orders moot); *see also In re C.R.J.*, No. 06-13-00053-CV, 2014 WL 199209, at *2 (Tex. App.—Texarkana Jan. 17, 2014, no pet.) (mem. op.) (complaints regarding temporary hearings or temporary orders rendered moot when final termination order was entered); *In re D.W.*, Nos. 01-13-00880-CV, 01-13-00883-CV, 01-13-00884-CV, 2014 WL 1494290, at *3 (Tex. App.—Houston [1st Dist.] Apr. 11, 2014, no pets.) (mem. op.) (issuance of final decree rendered temporary orders moot and thus not subject to appellate review). Because the temporary orders and complaints about temporary permanency hearings are superseded and

rendered moot by a final termination judgment, the reporter's record of the lost preliminary hearings, including the August 10, 2016 permanency hearing, are not necessary to the appeal's resolution. *See* TEX. R. APP. P. 34.6(f); *Routier*, 112 S.W.3d at 571.

Further, C.T.T. contends that the May 10, 2017 permanency hearing and the July 12, 2017 permanency hearing show inconsistent and contradicting evidence regarding his compliance with the service plan. After C.T.T. filed his brief, however, the court reporter filed transcripts of the May 10, 2017 permanency hearing and the July 12, 2017 permanency hearing. Thus, any complaint that C.T.T. is entitled to a new trial based on these missing reporter's records is moot.

## CONCLUSION

Having determined that the lost or missing reporter's record is not necessary to the resolution of C.T.T.'s appeal, we find that C.T.T is not entitled to a new trial.

Accordingly,

It is ORDERED that the Appellant shall have **twenty (20) days** from the date of this order to file a brief on the merits of this appeal. It is FURTHER ORDERED that the Texas Department of Protective and Regulatory Services shall have **twenty (20) days** from the date that Appellant's brief is filed to file a brief on the merits. It is FURTHER ORDERED that Appellant shall have **ten (10) days** from the date that the Department files its brief to file a reply brief.

WITNESS the Honorable James T. Worthen, Chief Justice, Court of Appeals, 12th Court of Appeals District, Tyler, Texas.

GIVEN UNDER MY HAND AND SEAL OF OFFICE at Tyler, Texas this 15th day of March, 2018 A.D.

Respectfully yours,
PAM ESTES,
CLERK

By: *Katrina McClenny*
Katrina McClenny, Chief Deputy Clerk

6