# NO. 12-18-00111-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF J.G.* | § | *APPEAL FROM THE 273RD* |
| | § | *JUDICIAL DISTRICT COURT* |
| *AND J.G., CHILDREN* | § | *SABINE COUNTY, TEXAS* |

## PER CURIAM OPINION AND ORDER

R.G. appeals from a judgment terminating her parental rights to her children, J.G. and J.G.2. The preliminary question presented by this appeal is whether R.G. is entitled to a new trial because portions of the reporter's record were destroyed during Hurricane Harvey. We have determined that R.G. is not entitled to a new trial, and order briefing on the merits of the case.

### BACKGROUND

R.G. is the mother of J.G., J.G.2, M.D., and M.D.2. On November 17, 2016, the Texas Department of Family and Protective Services (the Department) filed an original petition for protection of the four children, for conservatorship, and for termination of R.G.'s parental rights to the four children. The Department also sought termination of the parental rights of the children's fathers. The proceeding regarding M.D. and M.D.2 was later severed from the case involving J.G. and J.G.2 and is unrelated to this appeal. Neither father is a party to this appeal.

The Department was appointed temporary sole managing conservator of J.G. and J.G.2. At the conclusion of a trial on the merits, the jury found, by clear and convincing evidence, that R.G. engaged in one or more of the acts or omissions necessary to support termination of her parental rights under subsections (D), (E), and (O) of Texas Family Code Section 161.001(b)(1). The jury also found that termination of the parent-child relationship between R.G., J.G., and J.G.2 was in the children's best interest. Based on these findings, the trial court ordered that the parent-child relationship between R.G., J.G., and J.G.2 be terminated.

R.G. appealed the termination of her parental rights to her children J.G. and J.G.2. The reporter's record was originally due on May 14, 2018. On May 15, the Clerk of this Court notified the reporter, Ms. Mickey Gisclar, that the record was past due and gave Ms. Gisclar until May 24 to file the record. On May 25, we again notified Ms. Gisclar that the record was past due and granted until June 3 to file the record. On June 5, Ms. Gisclar filed a motion for extension of time to file the reporter's record, which we granted to June 8. On June 15, this Court set a final deadline of June 22 for filing the record. Ms. Gisclar filed five volumes of the record on June 18, which consisted of a master index, the December 18, 19, and 20, 2017 jury trial, and the exhibits volume.

On June 19, R.G.'s counsel notified Ms. Gisclar that the record for hearings conducted on December 2, 2016, January 11, 2017, April 12, 2017, May 10, 2017, June 2, 2017, July 12, 2017, and July 27, 2017 had not been submitted. On July 5, counsel again contacted Ms. Gisclar, noting that she spoke with counsel's staff on June 20 and indicated that she had records for several of the hearings mentioned in the June 19 letter, but that no records had been filed. On July 9, Ms. Gisclar filed a supplemental reporter's record, which contained hearings from July 27 and November 8, 2017. That same day, R.G. filed a request for preparation of a complete reporter's record with this Court, which stated that no record had been filed or received for the other hearings identified in the June 19 letter to Ms. Gisclar. This Court granted R.G.'s request and ordered Ms. Gisclar to file a supplemental reporter's record on or before July 19. On July 20, we notified Ms. Gisclar that the supplemental reporter's record was past due and granted until July 23 to file the supplemental record.

On July 23, this Court received correspondence from Ms. Gisclar, in which she explained that her home flooded during Hurricane Harvey and some of her records were lost. She stated that the lost records included the December 2, January 11, April 12, May 10, June 2, and July 12 hearings requested by R.G.'s counsel.

Accordingly, we ordered R.G. to file a brief addressing whether (1) without R.G.'s fault, a significant portion of the record has been lost or destroyed and, if so, whether the missing portion of the record is necessary to the appeal's resolution, (2) the missing portions of the record can be replaced by stipulation or agreement of the parties, and (3) R.G. is entitled to a new trial under Texas Rule of Appellate Procedure 34.6(f). We also ordered the Department to

2

file a reply brief. We have received both briefs and must determine whether a new trial is required by Rule 34.6(f) of the Texas Rules of Appellate Procedure.

**LOST REPORTER'S RECORD**

In two issues, R.G. argues that the reporter's record for the preliminary or permanency hearings lost in Hurricane Harvey cannot be replaced by the parties' agreement or by the trial court, and that she is entitled to a new trial. However, the Department contends that the preliminary hearings are not necessary to the appeal's resolution, and that any complaints regarding temporary hearings or orders are rendered moot by a final termination judgment.

**Applicable Law**

An appellant is entitled to a new trial under the following circumstances:

> (1) if the appellant has timely requested a reporter's record;
>
> (2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;
>
> (3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and
>
> (4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

TEX. R. APP. P. 34.6(f).

A new trial is required when the missing record is necessary to the appeal's resolution. *Osuch v. State*, 976 S.W.2d 810, 811-12 (Tex. App.–Houston [1st Dist.] 1998, no pet.) (concluding a destroyed videotape of the driver performing field sobriety tests was "necessary to the appeal's resolution" and the defendant was entitled to a new trial because he challenged whether a custodial interrogation occurred during his performance of the tests). The provision in Rule 34.6 requiring an appellant to show that the missing portion of the record is necessary to her appeal is essentially a requirement that the appellate court perform a harm analysis. *Nava v. State*, 415 S.W.3d 289, 306 (Tex. Crim. App. 2013) (citing *Routier v. State*, 112 S.W.3d 554, 571 (Tex. Crim. App. 2003)). If the missing portion of the record is not necessary to the appeal's resolution, then the loss of that portion of the record is harmless and a new trial is not required.

3

*See **Routier***, 112 S.W.3d at 571-72; ***Issac v. State***, 989 S.W.2d 754, 757 (Tex. Crim. App. 1999). A suggestion by an appellant that the destroyed portion of the reporter's record potentially assist her on appeal, without more, does not make the missing portions of the record necessary to the appeal's resolution. *See **Routier***, 112. S.W.3d at 571. Finally, we resolve any reasonable doubt in the appellant's favor. ***Id.*** at 570.

**Analysis**

The record demonstrates that R.G. timely requested the reporter's record and, through no fault of her own, portions of the record have been lost or destroyed. Moreover, R.G. and the Department agree that the lost or destroyed reporter's records of preliminary and permanency hearings cannot be replaced by agreement of the parties. Neither parties' appellate counsels were the parties' trial counsels. Accordingly, we agree that the lost portions of the reporter's record cannot be replaced by agreement of the parties. Therefore, the only issue is whether R.G. is entitled to a new trial under Rule 34.6(f) of the Texas Rules of Appellate Procedure.

R.G. has the burden to demonstrate that the missing portions of the reporter's record are necessary to the resolution of her appeal. In her brief addressing her entitlement to a new trial, R.G. specifically mentions the hearings of April 12, 2017, June 2, 2017, and July 12, 2017. According to the trial court's docket sheet, the April 12 hearing involved matters such as R.G.'s failure to take drug tests. At trial, R.G.'s appointed counsel attempted to introduce two documents evidencing drug test results from M.D.2 and J.G., which showed negative results when the Department's tests yielded positive results. The Department objected on hearsay grounds, arguing that the results were not authenticated without a business records affidavit. R.G.'s counsel responded that the results were filed with the clerk's office in April, without objection, and were self-authenticating. Additionally, counsel believed the results were offered at the April 12 hearing, at which she was not present, but she could not confirm that they were admitted as exhibits at that hearing. The children's attorney ad litem informed the court that she did not recall the results being admitted into evidence at the April 12 hearing, but could not "swear to that." The two documents are included in the clerk's record, are file-marked April 12, 2017, are certified by the Sabine County District Clerk, and do not reflect an exhibit sticker or other such marking evidencing their admission at the April 12 hearing. The trial court sustained the Department's objection and excluded the results from admission at trial. Accordingly, R.G. contends that because her counsel cannot review the April 12 hearing transcript to determine

4

whether the documents were admitted into evidence, any possible argument that they were properly admitted in April is foreclosed.

We first note that the document regarding M.D.2 is not pertinent to the present proceeding because he is not a subject of this appeal. We also note that R.G. testified at trial that she had the children drug tested and the results were negative. Even so, assuming the test results were admitted at the April 12 hearing, their admission at trial was not automatic. For instance, testimony from a prior hearing or trial cannot be considered in a subsequent proceeding unless a transcript of that testimony is properly authenticated and entered into evidence. *Guyton v. Monteau*, 332 S.W.3d 687, 693 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Nor may a trial court take judicial notice of the truth of factual statements and allegations contained in the pleadings, affidavits, or other documents in the file. *Id*.; *see* *B.L.M. v. J.H.M., III*, No. 03-14-00050-CV, 2014 WL 3562559, at \*11-13 (Tex. App.—Austin July 17, 2014, pet. denied) (mem. op.) (sustaining complaint that trial court improperly took judicial notice of prior testimony, evidence, and factual assertions from earlier hearings and from the court's files that were not offered and admitted into evidence at termination trial).[1] Thus, the drug test results were not automatically admissible by virtue of being admitted at the April 12 hearing, if they were so admitted. *See Guyton*, 332 S.W.3d at 693; *see also* *In re C.H.C.*, 396 S.W.3d 33, 56 (Tex. App.—Dallas 2013, no pet.); *B.L.M.*, 2014 WL 3562559, at \*11-13; *In re M.B.D.*, 344 S.W.3d 1, 3 (Tex. App.—Texarkana 2011, no pet.) (trial court could not consider evidence from hearings on temporary orders when reaching final order). Accordingly, we cannot conclude that the missing April 12 hearing is necessary to the appeal's resolution. *See Routier*, 112 S.W.3d at 571-72.

Regarding the June 2 and July 12 hearings, R.G. raises a question as to whether she was properly admonished on the dangers of representing herself at trial. The docket sheet indicates that the trial court granted R.G.'s original counsel's motion to withdraw at a hearing on May 10 and the next permanency hearing was reset for June 2. At the June 2 hearing, R.G. appeared pro se. The trial court's docket sheet indicates that the father of M.D. and M.D.2 was appointed permanent managing conservator at that hearing and the trial court advised R.G. that the order was appealable. The docket sheet further indicates that at the July 12 permanency review

---

[1] In *B.L.M.*, the judgment was affirmed because the evidence was sufficient regardless of the trial court's erroneous taking of judicial notice. *B.L.M. v. J.H.M., III*, No. 03-14-00050-CV, 2014 WL 3562559, at \*13-20 (Tex. App.—Austin July 17, 2014, no pet.) (mem. op.).

hearing, the trial court "discussed again the serious matter of a trial [without] an attorney and encouraged [R.G.] to request court to appoint counsel if she was indigent[,]" but that R.G. had not made the suggested request and previously advised the trial court that she is not indigent and would hire an attorney. On August 11, the trial court appointed an attorney ad litem to assist R.G. if she requested and, on September 6, granted newly appointed counsel's motion for continuance.

R.G. maintains that nothing indicates she was admonished on the issue of self-representation at the June 2 hearing. She further notes that she was not present at a subsequent November 8 hearing and, although her appointed counsel appeared, the trial court's order specifically appointed counsel to assist R.G. upon request. R.G. contends that the absence of the June 2 and July 12 hearing transcripts forecloses her from making any arguments regarding inadequate admonishments, which may become critical to any issues regarding her motion for continuance filed on the day of trial.

In a termination case, before a parent is permitted to represent herself, the record should show that the trial court informed her that there are technical rules of evidence and procedure, and she will not be granted special consideration solely because she asserted her right of self-representation. *See* ***In re C.L.S.***, 403 S.W.3d 15, 21 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).[2] In the present case, on the day of trial, R.G.'s appointed counsel argued the motion for continuance, during which she stated:

> …The motion for continuance is also coming from me. [R.G.] has indicated this morning that she no longer wishes to be pro se; that she wishes to have the attorney of her choice representing her in this matter, who is not here today. In the absence of that, I believe the Court would probably transition my appointment from someone who answers her questions to actually representing her. I am anticipating that.

Counsel further stated that she was unprepared to represent R.G. in that capacity, due to not being able to meet with R.G. on an extended basis or review R.G.'s evidence. The trial court

---

[2] In ***C.L.S.***, the First Court of Appeals applied the criminal standard in ***Faretta v. California***, 422 U.S. 806, 807, 95 S. Ct. 2525, 2541, 45 L. Ed. 2d 562 (1975), which "provides that a defendant should be warned of the dangers and disadvantages accompanying the waiver of the right to counsel and decision to self-represent," to termination cases. ***In re C.L.S.***, 403 S.W.3d 15, 19, 21 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). The First Court explained that "[b]ecause a termination of parental rights case is like a criminal case—both protect valuable personal rights from 'devastatingly adverse action'—we will 'apply the same right to counsel standard that we apply to criminal cases.'" ***Id***. at 21.

overruled the motion and later informed counsel, "You are the lawyer for the mother in this case." The trial court told R.G. the following:

> And let's be clear, it's not a dual capacity. She's the lawyer. You're just the client. You can confer with her any time, but you don't get to ask questions of the jury. You don't get to ask questions of the witness. It all goes through your lawyer.

R.G.'s appointed counsel proceeded to conduct voir dire, present an opening statement, cross-examine witnesses, lodge objections, present evidence, and present closing argument.

Accordingly, regardless of whether the trial court admonished R.G. on June 2, or even on July 12, as to the dangers of representing herself, the record demonstrates that R.G. was represented by counsel at trial. The admonishment requirement does not apply to cases in which a party has standby counsel or hybrid representation. *See **Dolph v. State***, 440 S.W.3d 898, 907 (Tex. App.—Texarkana 2013, pet. ref'd); *see also **Bradford v. State***, No. 05-14-01610-CR, 2016 WL 326631, at *2 (Tex. App.—Dallas Jan. 27, 2016, pet. ref'd) (mem. op., not designated for publication) (when trial court appoints standby counsel, admonishments regarding dangers and disadvantages accompanying waiver of right to counsel and decision to self-represent are not required). Thus, it serves that neither are admonishments required when a party is fully represented by counsel at trial. For this reason, we cannot conclude that either the missing June 2 or July 12 hearings are necessary to the appeal's resolution. *See **Routier***, 112 S.W.3d at 571-72.

At best, R.G. merely speculates that error might have been recorded in or be the result of, the lost hearings and, therefore, she has not established that the missing records are necessary to the appeal's resolution. *See* TEX. R. APP. P. 34.6(f); ***Routier***, 112 S.W.3d at 571. Moreover, "a temporary order is superseded by the entry of a final order of termination, rendering moot any complaint about the temporary order." *In re **A.K.***, 487 S.W.3d 679, 683 (Tex. App.—San Antonio 2016, no pet.) (complaints regarding aggravated circumstances findings in temporary orders moot); *see also **In re C.R.J.***, No. 06-13-00053-CV, 2014 WL 199209, at *2 (Tex. App.—Texarkana Jan. 17, 2014, no pet.) (mem. op.) (complaints regarding temporary hearings or temporary orders rendered moot when final termination order was entered); ***In re D.W.***, Nos. 01-13-00880-CV, 01-13-00883-CV, 01-13-00884-CV, 2014 WL 1494290, at *3 (Tex. App.—Houston [1st Dist.] Apr. 11, 2014, no pet.) (mem. op.) (issuance of final decree rendered

temporary orders moot and thus not subject to appellate review). Because the temporary orders and complaints about temporary permanency hearings are superseded and rendered moot by a final termination judgment, the reporter's record of the lost preliminary hearings, including the April 12, June 2, and July hearings, are not necessary to the appeal's resolution. *See* TEX. R. APP. P. 34.6(f); ***Routier***, 112 S.W.3d at 571.

## CONCLUSION

Having determined that the lost or missing reporter's records are not necessary to the resolution of R.G.'s appeal, we find that R.G. is not entitled to a new trial.

Accordingly,

It is ORDERED that R.G. shall have **twenty (20) days** from the date of this order to file a brief on the merits of this appeal.

It is FURTHER ORDERED that the Texas Department of Protective and Regulatory Services shall have **twenty (20) days** from the date that R.G.'s brief is filed to file a brief on the merits.

It is FURTHER ORDERED that R.G. shall have **seven (7) days** from the date that the Department files its brief to file a reply brief.

It is FURTHER ORDERED that no briefing extensions will be granted in this case, absent extraordinary circumstances.[3]

Opinion and order entered August 22, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[3] The Texas Rules of Judicial Administration require courts of appeals to ensure that an appeal of a suit for termination or a suit affecting the parent-child relationship filed by a governmental entity be brought to final disposition within 180 days of the date the notice of appeal is filed, so far as reasonably possible. TEX. R. JUD. ADMIN. 6.2(a). In the present case, the notice of appeal was filed with this Court on May 4, 2018.