**Affirm and Opinion Filed January 27, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**Nos. 05-18-01068-CR,**

**05-18-01069-CR**

**ROBERT HOWARD GREEN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1676425-T, F-1676426-T**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Nowell
Opinion by Justice Pedersen, III

On August 31, 2018, a jury found appellant, Robert Howard Green, guilty (i) of sexual assault of a child by penetration of the female sexual organ and (ii) of indecency with a child by causing the complainant to contact the genitals of appellant. The jury assessed his punishment at confinement for fifteen years and ten years, respectively. Appellant raises a single issue that he is entitled to a new trial because the record cannot be certified in accordance with Texas Rule of Appellate Procedure 34.6. We affirm the judgment of the trial court.

# I. PROCEDURAL HISTORY

Because the sole appellate issue pertains to limited evidentiary and procedural complaints, we confine our discussion of the facts and the evidence accordingly. A Dallas County grand jury indicted appellant for the offenses of (i) sexual assault of a child and (ii) indecency with a child by contact. Appellant pled not guilty to both charges and elected to have a trial by jury.

Appellant's three-day jury trial began on August 29, 2018. Several witnesses testified during the jury trial including (i) complainant, who testified as to the alleged sexual abuse; (ii) complainant's guardian, with whom complainant made an outcry of sexual abuse; (iii) Kimberly Skidmore, who conducted a forensic interview of complainant; (iv) complainant's mother; (v) Dr. Kristen Reeder, who conducted complainant's REACH examination; (vi) Detective Blayne Burgess, who testified as to appellant's arrest and a one-party consent recording between appellant and complainant; (vii) Leslie Boutte, who testified as to psychological manipulation; and (viii) appellant, who denied complainant's claims. Pertinent to this appeal, Dr. Reeder testified to and prepared a "REACH Program Sexual Abuse Evaluation Form," which was admitted into evidence. Detective Burgess testified to a one-party consent recording that she made of an interview she conducted with appellant—the recording of which was also admitted into evidence and played for the jury.

After the verdict and sentencing, appellant timely filed his notices of appeal for each conviction on September 4, 2018. By several orders, our Court ordered the

trial court's court reporter to file a complete reporter's record in the appeals. On July 22, 2019, our Court ordered the trial court to make findings of fact regarding whether appellant has been deprived of the reporter's record because of ineffective counsel, indigence, because a portion of the record had been lost or destroyed, or for any other reason. On October 17, 2019, the trial court conducted the hearing on the reporter's record and found, in part:

3) This Court has determined that a portion of the reporter's record has been lost. The lost record concerns the testimony of two State's witnesses on the morning of August 30, 2018; specifically, the entire testimony of Dr. Kristen Reeder with the REACH Clinic at Children's Medical Center and a portion of the testimony of Detective Blayne Burgess with the Dallas Police Department. The parties cannot agree on reconstruction or replacement of the lost portion of the record. Further, this Court cannot determine what constitutes an accurate copy of the record.

4) This Court has determined that Appellant timely requested a reporter's record and that Appellant is not at fault for the lost portion of the record.

5) The Court finds that the original trial judge who heard the trial of these cases, Quay Parker, is deceased.

6) This Court, having not heard all the evidence in the case, and having no personal knowledge of what occurred at trial, has determined that it cannot resolve the issue of whether or not the lost portion of the record does (or does not) constitute a significant portion of the reporter's record.

7) Based upon the above findings , this Court cannot with any reliable certainty and/or in accordance with due process afforded to Appellant by the United States Constitution and/or The Texas Constitution, determine that the lost portion of the reporter's record is or is not necessary to the resolution of the appeal.

Appellant and the State filed their briefs, thereafter.

## II.     ISSUE PRESENTED

Appellant raises a single issue to our Court, which we reproduce verbatim:

Because the record cannot be certified either as a verbatim transcriptions [sic] of the notes taken at trial or as a transcription of tapes in accordance with TEX. R. APP. P. 34.6(a)(2), and because the uncertified portion of the record is necessary to the resolution of his complaint, Appellant asserts he is entitled to a new trial under TEX. R. APP. P. 34.6(f).

## III.     TEXAS RULE OF APPELLATE PROCEDURE 34.6

Texas Rule of Appellate Procedure 34.6(f) provides:

(f) Reporter's Record Lost or Destroyed. An appellant is entitled to a new trial under the following circumstances:
> (1) if the appellant has timely requested a reporter's record;
> (2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;
> (3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and
> (4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

TEX. R. APP. P. 34.6(f). In *Nava v. State*, the Texas Court of Criminal Appeals

discussed the third requirement of rule 34.6(f), which is at issue in the instant case:

The third requirement—that the missing record be necessary to the appeal—was meant to mitigate against the harshness of a rule that

–4–

might require a new trial even when no error actually occurred in the proceedings. "The provision in the rule that the appellant show that the missing portion of the record is necessary to her appeal is itself a harm analysis." When an appellant has not been harmed by the missing portion of the record, he should not be granted relief.

415 S.W.3d 289, 306 (Tex. Crim. App. 2013); *see In Interest of S.V.*, 599 S.W.3d 25, 32 (Tex. App.—Dallas 2017, pet. denied) ("The requirement that the missing portion of the record "is necessary to the appeal's resolution" is a harm analysis.") (citing *Issac v. State*, 989 S.W.2d 754, 757 (Tex. Crim. App. 1999)).[1]

We review a trial court's findings related to a lost or destroyed record for an abuse of discretion. *In Interest of S.V.*, 599 S.W.3d at 32. However, we review a trial court's determination as to whether the missing portion of the record is necessary to the appeal's resolution *de novo. Id.* at 33 n. 3.[2]

---

[1] "Any complaint appellant is unable to determine 'what was said during the punishment trial, including any comments or findings by the trial court' is nothing more than pure speculation that the missing record could potentially assist him in his appeal." *Foster v. State*, 525 S.W.3d 898, 907 (Tex. App.—Dallas 2017, pet. ref'd). "We do not require a defendant to prove actual error, only to identify some particular error that the missing record could potentially assist with in his appeal." *Id.*

[2] We discuss the standard of review in footnote three of *In Interest of S.V.*:

Under *Nava*, it is the role of the trial court to determine, based on what occurred at trial, if the missing portion of the record is essential to the resolution of the appeal. We review that finding, along with any other findings under appellate rule 34.6(f), in reaching a conclusion regarding whether the appellant has met his burden of showing he is entitled to a new trial. *See Lucas*, 2003 WL 21771333, at *4 (reviewing *de novo* trial court's application of law to facts and any mixed question of law and fact that did not turn on evaluation of credibility and demeanor); *Beal*, 2016 WL 1267805, at *6 (reviewing *de novo* trial court's conclusion of law that the appellant was entitled to a new trial); *Roman v. State*, No. 08-13-00019-CR, 2014 WL 886877, at *2 (Tex. App.—El Paso Mar. 5, 2014, no pet.) (not designated for publication) (appellate court reviews *de novo* whether inaudible portions of transcript warrant new trial under appellate rule 34.6(f)).

*In Interest of S.V.*, 599 S.W.3d at 33.

## IV. ANALYSIS

"'If the missing portion of the record is not necessary to the appeal's resolution, then the loss of that portion of the record is harmless under the rule and a new trial is not required.'" *In Interest of S.V.*, 599 S.W.3d at 32 (quoting *Issac*, 989 S.W.2d at 757). Although appellant identifies the missing testimony of Dr. Reeder and Detective Burgess as "significant," appellant does not direct us to any particular issue or error within the missing record, which is necessary to the appeal's resolution.[3]

In his harm analysis, Appellant refers us to two cases from our sister courts: *Bryant v. State*, 464 S.W.3d 99 (Tex. App.— Houston [14th Dist.] 2015, no pet.), and *Osuch v. State*, 976 S.W.2d 810 (Tex. App.— Houston [1st Dist.] 1998, no pet.). In *Bryant*, the appellant complained on appeal that "the evidence is insufficient to support a finding of guilt." 464 S.W.3d at 103. However, the trial court's official court reporter's record was absent from the record on appeal. *Id.* Our sister court explained:

> We agree with the trial court's conclusion that appellant is entitled to a new trial. Judge Ross determined that Ms. Humphrey's notes and audio recording were incomplete and incapable of being transcribed by another court reporter. The record supports Judge Ross's finding that the reporter's record in this case is irretrievably lost.
> . . . .

---

[3] Appellant does not raise any issue or point of error pertaining to the trial court's admission of (i) Dr. Reeder's testimony, (ii) the REACH Program Sexual Abuse Evaluation Form, (iii) Detective Burgess's testimony, or (iv) the tape of the one-party consent call.

> Without a complete reporter's record of the evidence before the jury, appellant cannot demonstrate the evidence is insufficient. *Martin v. State*, 13 S.W.3d 133, 140 (Tex. App.—Dallas 2000, no pet.). We therefore conclude that appellant has been harmed by the absence of a reporter's record.

*Bryant*, 464 S.W.3d at 102–03. Considering the appellant's issue on appeal and complete absence of a reporter's record, our sister court concluded appellant was harmed and remanded the cause for a new trial. *Id.* at 103. But, unlike *Bryant*, appellant here (i) raises no sufficiency issue on appeal and (ii) has not suffered from a loss of the reporter's record from the entire trial.

In *Osuch*, the appellant complained on appeal that "the trial court erred in overruling his objection to the audio portion of the scene videotape because it did not include the warnings required by article 38.22, § 3(a)(2) of the Code of Criminal Procedure." 976 S.W.2d at 811. The audio portion of the videotape had been played to the jury during trial. *Id.* After trial, the videotape had been destroyed in error. *Id.* In response, the State argued "the statutory warnings were not required because there was no custodial interrogation on that part of the tape." *Id.* Our sister court explained:

> there is a dispute between the parties concerning the content of the tape, and a review of the tape itself would be crucial to our resolution of the point of error.
> . . . .
> [N]either the State nor appellant purport to accurately transcribe the entirety of the scene videotape in its brief, and the critical portions they do quote are conflicting. There simply is no "complete record" upon which the parties agree, as the trial court found.

*Osuch*, 976 S.W.2d at 812. Considering appellant's evidentiary issue on appeal, the dispute over the content of the evidence at issue, and the destruction of the pertinent evidence, our sister court reversed the trial court's judgment and remanded the case. *Id.* But, unlike *Osuch*, appellant (i) raises no evidentiary issue on appeal and (ii) has not identified any lost evidence or objection that relates to any issue on appeal.

Here, appellant's briefing speculates that the missing portions of the record could potentially assist him in his appeal. *See Foster v. State*, 525 S.W.3d 898, 907 (Tex. App.—Dallas 2017, pet. ref'd). Appellant fails to show that the missing portions of the reporter's record are necessary to the appeal's resolution. Indeed, appellant raised no other issue to our Court, which would necessitate the missing portion of the reporter's record. We cannot conclude that appellant has been harmed by the absence of the missing portions of the reporter's record. We overrule appellant's sole issue.

## V. CONCLUSION

Having overruled appellant's sole issue, we affirm the judgment of the trial court.

181068f.u05
181069f.u05                                      /Bill Pedersen, III//
Do Not Publish                                   BILL PEDERSEN, III
TEX. R. APP. P. 47                               JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT HOWARD GREEN,
Appellant

No. 05-18-01068-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1676425-T.
Opinion delivered by Justice
Pedersen, III. Justices Osborne and
Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 27th day of January, 2022.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ROBERT HOWARD GREEN, Appellant

No. 05-18-01069-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas Trial Court Cause No. F-1676426-T. Opinion delivered by Justice Pedersen, III. Justices Osborne and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 27th day of January, 2022.